HOVEN STATE BANK, Respondent, v. ACKER, Appellant.

(186 N. W. 954.)

(File No. 4955.   Opinion filed March 1, 1922.)

1. **Appeal—Claim and Delivery—Mortgagee's Suit, Amendment Reducing All Value, Verdict For Plaintiff, Non-error Re Amendment.**

   Where, on trial of a claim and delivery suit by mortgagee, plaintiff, over defendant's objection, obtained leave to amend and did amend complaint to allege value of property as $1500. instead of $2500., verdict having been for plaintiff as entitled to possession; held, no error committed in granting such leave, since, in view of verdict, no question arose for determination of basis for an alternative money judgment.

2. **Alteration of Instruments—Evidence—Chattel Mortgages, Witnesses' Signatures Appended Next Day—Non-objection to Certified Copies—Whether Error Re Refusal to Strike Out Mortgages as Altered and Direct Verdict—Question of Fact—Statute.**

   Where, on trial in claim and delivery by mortgagee, certified copies of the mortgage had been introduced without objection; evidence showing witnesses' signatures were appended next day after execution of mortgages, whereupon court refused to strike out the mortgages as having been intentionally and materially altered, and because witnessing was unauthorized; held, that question whether mortgages were witnessed was for jury, and, certified copies not having been objected to, burden was on mortgagor to prove witnessing unauthorized; his mere sworn statement that it was done without his consent not warranting striking out.

Appeal from Circuit Court, Dewey County.   Hon. RAYMOND L. DILLMAN, Judge.

Action by Hoven State Bank, a corporation, against W. S. Acker, in claim and delivery, for recovery of possession of chattels mortgaged by defendant to plaintiff.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*R. A. Dunham,* and *J. M. Henderson,* for Appellant.

*O'Keeffe & Auldridge,* for Respondent.

GATE'S, P. J. Action for the possession of personal property by a chattel mortgagee against the mortgagor. The provisional remedy of claim and delivery was invoked, and plaintiff obtained and retained possession of the property. Verdict and judgment for plaintiff. Defendant appeals.

[1] In the complaint the property was alleged to be of the value of $2,500. In the answer it was alleged to be $5,000. At the beginning of the trial defendant in open court admitted the value to be $2,500. After the jury was sworn, plaintiff sought, and over the objection of defendant obtained, leave to amend the complaint by alleging the value to be $1,500. The ruling is assigned as error. No prejudice resulted to appellant from the ruling, because by the verdict respondent was held to be entitled to the possession of the property, and there was therefore no occasion for the determination of a basis for an alternative money judgment, which might have been necessary if the verdict had been for appellant.

[2] Certified copies of the chattel mortgages had been received in evidence without objection. Upon his examination appellant testified that the two persons whose names appeared as witnesses to the execution of the mortgages were not present when he executed and delivered them to respondent's assignor, and that he did not consent to the signatures by the witnesses. Evidence on behalf of respondent tended to show that appellant called at the store of the mortgagee on the next day, and that the witnesses then and there signed their names to the instruments. Appellant assigns as error the refusal of the court to strike out the chattel mortgages, and the refusal of the trial court to direct a verdict for him, upon the ground that the witnessing of the mortgages was unauthorized, and that the mortgages were intentionally and materially altered. Rev. Code 1919, § 910. The court did not err. The question whether or not the mortgages were witnessed was a question of fact for the jury to determine.

Certified copies of the mortgages having been received in evidence without objection, the burden was upon appellant to prove that the witnessing of them was unauthorized. His mere statement that it was done without his consent did not entitle him to have the chattel morgages stricken from the evidence, nor did it entitle him to a directed verdict. The trial court submitted

the question of the witnessing of the mortgages to the jury under instructions that were not challenged. The jury found for plaintiff. We perceive no error in this behalf.

The judgment and order appealed from are affirmed.